COALTER, J.
The declaration, though it avers that the plaintiff complains of a plea of trespass on the case, is really, if any thing, a declaration in trespass under the statute for distraining the goods of the plaintiff for rent, when no rent was in arrear and due; and there is a verdict and judgment for double the value of the goods sold. The declaration was demurred to: and the question is, Whether it is a good one under the statute? Several objections were taken to it; one of which, the want of specification of the goods taken and sold, is perhaps fatal, according to the cases of Wyat v. Essington, 1 Stra. 637, and Bertie v. Pickering, 4 Burr. 2455. If this was a simple action of trespass, not founded on the statute, those cases would seem to me conclusive. How far this case majr be taken out of that doctrine, being an action under the statute, not intended to contest the right of the property, or the propriety of the seizure of it, if rent had been due, I am not prepared to say, nor have I deemed it necessary to inquire; because, as it appears to me, there is a fatal defect in the declaration, which was not noticed at the bar. There are various actions that may be maintained by tenants against their landlords: as, 1st, trespass or case under the statute, 1 Rev. Code, ch. 113, § 5, for a distress made when no rent is in arrear and due, a remedy given in England, by the statute of 2 W. & M. stat. 1, ch. 5, $ 5. 2d, An action for excessive distress, given by our statute, Ibid. \ 31, which is similar to the english statute of Marlb. 52, H. 3, ch. 3. A simple action of trespass did not lie at common law in such case; for at common law, the landlord might distrain for more than the rent in arrear, so as to make it the interest of the party to re-
deem the "goods by paying the rent; Lynne v. Moody, 2 Stra. 851. 3d, A special action on the case lies for distrain-ing for more rent than is due, whereby the tenant has been obliged to pay a larger sum than was justly due, besides costs &c. And 4th, in England, an action lies under the statute of 51 H. 3, for distraining beasts of the plough and sheep, there being other sufficient distress on the premises. The forms of declarations in all these actions, are given in 2 Chitt. plead. 285, 6, 7, 8. And all of • them go upon the relation of tenant and landlord, admitted and stated in the declaration. The precedent given by Chitty, of a declaration in such a case as that before us, sets out the fact, that the plaintiff was tenant of the defendant, and at what annual rent &c. It goes for double damages; and, of course, is not an ordinary action of trespass de bonis asportatis, though a count of that kind may be joined with it, upon which the damages will be according to the nature and extent of the injury. Salter v. Brunsden, 4 Mod. 231, was an action of the same kind as this under consideration: there, there was a judgment by default, and a writ of inquiry of damages, and a motion in arrest of judgment for the defects of the declaration, in not sufficiently setting forth the demise, and shewing the relation of landlord and tenant, and that the goods were distrained for rent arrear; but, as these matters were set forth, though informally, the court held the declaration good. But the case shews, that the relation of landlord and tenant, must be substantially shewn in the declaration ; and the inference which Chitty draws from it, is, that the demise need not be set out so fully and formally as in his form. In the case before the court, the declaration, so far from stating or admitting a lease, or any relation of landlord and tenant between the plaintiff and defendant, is wholly silent on that point: and when we look into the proofs (which are stated in the bill of exceptions) we find the plaintiff went on the ground that there was no lease, and no relation of landlord and tenant between him and the defendant; and yet he recovers double damages. *It is unnecessary to inquire what would have been the consequence, if the plaintiff had declared merely for a simple trespass, or had joined a count of that kind ; since we must decide on the demurrer, whether this is a good declaration or not? It seems to me that it is not, for the reasons I have stated; and that, therefore, the judgment ought to be reversed, and judgment entered for the appellant upon the demurrer.
The other judges concurred.
Judgment reversed; and judgment entered for the appellant.